Margaret A. Darcy, et al. }
        vs. } Eq. No. 8616.
Mary T. Cass, et al. }

May 19, 1930.

BLODGETT, P. J. Bill in equity seeking discovery.

The amended bill of complaint alleges that there is pending in this Court a bill of complaint brought by the complainants in this action, being bill numbered Eq. 6703, seeking an accounting from respondents as partners of the City and Suburban Land Trust, so called.

It is admitted in answer filed that

such an action is pending as alleged, and that upon demurrer filed to said bill No. 6703 a rescript was filed by a justice of this Court which determined said Land Trust, so called, to be a partnership.

A decree has been entered upon said demurrer that same be overruled and respondents ordered to answer within thirty days.

In the answer subsequently filed respondent sets forth in Paragraph 5 of said answer that she has not furnished the complainant the names and addresses of the shareholders of said Trust. The answer then sets forth that complainant well knows that a receivership of said Trust would be very harmful to its interests and that her sole purpose in bringing this action is to force respondent to purchase the shares of said complainant, and that it has forced said respondent from time to time to purchase some of the shares of complainant.

A bill for discovery showed that the proof called for by the bill or founded upon its allegations can make the cause set forth in it a proper subject of equitable cognizance.

*Sprague* vs. *Rhodes*, 4 R. I. 301.

Each shareholder in said Trust holds same subject to an agreement and declaration of trust dated December 8, 1915, this agreement being made a part of the certificate under which each shareholder holds shares.

One provision of the declaration of trust is that a "shareholder" shall be taken to mean the holder of record of a certificate from the trustees, and that any shareholder shall have the right at any seasonable time to inspect the books of said trustees. There is also a provision in said declaration of trust that an annual report of the doings of said trustees shall be sent to each shareholder.

An examination of the books should disclose the names of the shareholders

and enable the complainant to obtain the information necessary.

Until the complainant has exhausted the ordinary means afforded by the agreement accepted by the shareholders, the Court is of the opinion that complainant is not entitled to a bill of discovery.

Bill dismissed.

For complainants: Rosenfeld & Hagan.

For respondents: James A. Rickard.